UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON LOMBOY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>　　　　Defendant. | Case No. 24-cv-04168-HSG   (LJC)<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR ADDITIONAL DEPOSITIONS**<br><br>Re: Dkt. No. 34 |

Plaintiff Ron Lomboy asserts that Defendant Wells Fargo Bank, N.A. wrongfully terminated his employment and failed to accommodate his disability. Wells Fargo contends that it fired Lomboy for legitimate, nondiscriminatory reasons, including Lomboy's purported violation of Wells Fargo policies when he opened an account for a minor and purported false statements regarding such conduct. The parties filed a joint discovery letter brief (ECF No. 34) regarding Lomboy's request to take more than the ten depositions allowed without leave of court. *See* Fed. R. Civ. P. 30(a)(2) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken under this rule . . . ."). Judge Gilliam referred that letter, along with any future discovery disputes, to the undersigned magistrate judge for decision.

The parties' letter indicates that they have conferred about this issue to some degree, at least before Lomboy renewed his request for additional depositions last week. It is not clear that the parties meaningfully discussed the issue since Lomboy renewed his request, or that they have ever met and conferred in person or by videoconference, as required by section F.5 of this Court's Standing Order. Although that requirement did not apply at the time they filed their letter,

1    paragraph 18 of Judge Gilliam's Civil Standing Order also requires "a good faith effort" to resolve
2    discovery disputes before presenting them to the Court, and the parties' maximalist positions—
3    with Lomboy seeking thirty depositions, and Wells Fargo seeking to hold the line at ten—suggest
4    that further efforts to negotiate are warranted.  The Court therefore DENIES Lomboy's request at
5    this time, without prejudice to his renewing it after the parties meet and confer either in person or
6    by videoconference in a good faith effort to negotiate a resolution.

7    One issue warrants further discussion, as it relates to when Lomboy may renew this request
8    if the parties are not able to resolve their dispute.  Wells Fargo contends that Lomboy cannot seek
9    additional depositions under Rule 30(a)(2) until he has exhausted the ten allowed by that rule.  As
10   discussed below, the Court disagrees.

11   Wells Fargo quotes a decision by a special master in the Central District of California as
12   stating a rule that "a condition precedent to a party obtaining permission from the Court to take
13   *more* than ten depositions is that the party must have completed at least ten depositions prior to
14   making the request."  ECF No. 34 at 4 (quoting *Acosta v. Sw. Fuel Mgmt., Inc.*, No. 2:16 CV
15   4547-FMO (AGRx), 2017 WL 8941165, at *4 (C.D. Cal. Sept. 19, 2017)).  Wells Fargo neglects
16   to mention that the quotation comes from a portion of the order summarizing a party's *arguments*
17   against allowing additional depositions.  *See Acosta*, 2017 WL 8941165, at *4.  The part of the
18   order rendering the special master's decision states a more nuanced view, that *most* courts require
19   that a party seeking additional depositions *ordinarily* must first exhaust the allowed number of
20   depositions.  *Id.* at *7.  That court denied the request for additional depositions not only because
21   the defendants failed to utilize all of their allowed depositions before raising a request for more,
22   but also because they failed to do so before the close of fact discovery.  *Id.*

23   Moreover, the only decision that Wells Fargo cites from this district for that principle of
24   exhaustion states an even milder version of it: that "Rule 30(a)(2) contemplates that a party has
25   already taken *at least some of* its ten depositions before a motion is filed seeking leave of court for
26   [an additional] proposed deposition," and that "[h]aving taken not a *single* deposition to date, [the
27   defendant] cannot possibly know what information it needs but cannot obtain from its 10
28   permitted depositions."  *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL

5120767, at *1, *2 (N.D. Cal. Dec. 4, 2008) (emphasis added). Here, Lomboy has taken at least some depositions, although the exact number completed thus far is not clear from the parties' letter. *See* ECF No. 34 at 2 (stating that Lomboy had taken two depositions, seven additional depositions were scheduled to "be conducted between April 16 and 29, 2025," and Lomboy also intended to depose the mother of the child for whom he opened an account). Judge Hamilton also acknowledged in *Authentec* that some cases by their nature warrant more depositions, such that a motion to allow additional depositions can sometimes be appropriate before depositions have begun. 2008 WL 5120767, at *2 (citing *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151 JW (PVT), 2007 WL 3306496 (N.D. Cal. Nov. 6, 2007)).

This is not a large, multi-party case, but it implicates a number of distinct issues. Lomboy might reasonably seek discovery regarding, among other topics, Wells Fargo's decision to fire him, the veracity of his statements that Wells Fargo asserts were untrue, the policies Wells Fargo asserts that he violated and how they are normally applied, his own medical condition, Wells Fargo's awareness of his disability and purported need for accommodation, and what if any steps Wells Fargo took to accommodate his disability. Lomboy therefore *might* reasonably be able to tell in advance that the combination of completed depositions, scheduled witnesses, and the one remaining deposition that he can conduct within the presumptive limit of ten, will not be able to address all of them sufficiently. The Court does not prejudge whether Lomboy will succeed in such a showing, but for now holds only that the lack of complete exhaustion of the ten depositions allowed by rule is not a bar to Lomboy renewing his request. That said, Lomboy may face a heavy burden if he seeks to argue that additional depositions are warranted to address topics for which depositions are already anticipated but not yet completed.

The Court therefore declines to require Lomboy to complete ten depositions before he can renew his request to conduct additional depositions, and instead leaves the timing of such a request to his discretion. If the parties are not able to resolve their dispute after meeting and conferring in person or by videoconference, they shall file another joint letter consistent with section F.5 of this Court's standing order. That letter must include as an exhibit a chart of each deposition taken, anticipated, or requested, with a brief statement of each party's position on the

3

relevance of each witness.  The letter may also attach any evidence the parties believe is relevant to show whether a witness has relevant knowledge or would be duplicative of other witnesses.

If such a letter is necessary, Lomboy should also address what has changed since he "anticipate[d] taking approximately six additional fact witness depositions" in the February stipulation to extend the fact discovery cutoff date from April 24 to June 23, 2025, ECF No. 26, and since his April 8, 2025 confirmation (at least according to Wells Fargo) that he would take only seven depositions, ECF No. 34 at 3.

**IT IS SO ORDERED.**

Dated: April 25, 2025

LISA J. CISNEROS
United States Magistrate Judge