UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON LOMBOY,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>        Defendant. | Case No. 24-cv-04168-HSG   (LJC)<br><br>**ORDER REGARDING JOINT LETTER**<br><br>Re: Dkt. No. 43 |

On May 16, 2025, the parties' requested permission to file a fourteen-page joint letter brief, nearly three times the length permitted by this Court's Standing Order. ECF No. 41. The same day, the Court granted that request, but admonished the parties that lengthy briefing on discovery disputes often reflects insufficient efforts by the parties to resolve or narrow their disputes. ECF No. 42. The Court ordered as follows:

> Before submitting their oversized letter, the parties shall meet and confer either via video conference or in person, and their certification that they have complied with this meet and confer requirement shall specify the dates when they met and conferred, for how long, and in what format.

*Id.*

The parties filed a fourteen-page joint letter on May 19, 2025 asserting that they "met and conferred via zoom on May 6, 2025 for one hour and 20 minutes and on May 15, 2025 for one hour regarding the substance of this letter." ECF No. 43 at 14. In other words, the parties did not meet and confer after the Court issued its prior Order on May 16, 2025. The parties appear to have misunderstood that Order, which contemplated that they would continue their negotiations in light of the Court's admonitions.

It is also apparent from the face of the joint letter that the parties did not meet and confer

1  sufficiently, either or before or after the Court's admonitions.  As one example, Plaintiff asserts

2  that Defendant "must produce a privilege log pursuant to Rule 26(b)(5)" if it is withholding any

3  documents based on privilege, or "[i]f not documents [sic] are being withheld, Defendant should

4  just state so without claiming privilege."  ECF No. 43 at 13.  But Defendant asserts that it

5  *produced* a privilege log on May 1, 2025 for the only documents that it withheld based on

6  privilege.  *Id.*  Other sections indicate that offers to compromise have not yet been exhausted.  *See,*

7  *e.g.*, *id.* at 6 (indicating that Defendant is in the process of confirming that custodians do not have

8  relevant text messages); *id.* at 8 (indicating that Defendant is in the process of searching for a

9  document Plaintiff requested).  Still other sections suggest that the parties are fighting over

10 formalities like whether counsel's assertion that a production is complete is sufficient, or if

11 discovery responses must be amended to so state—the sort of dispute where simply serving an

12 amended response as requested, even if perhaps not strictly required, would take far less time for

13 all involved than presenting the matter to the Court.  The parties talking past each other, failing to

14 address each other's positions, and failing to exhaust reasonable efforts to resolve disputes is a

15 waste of the Court's time, and undermines the parties' previous position that they should be

16 entitled to an oversized brief.[1]

17   The joint letter is therefore largely denied for failure to meet and confer as directed by the

18 Court's previous Order.  To assist the parties in narrowing their disputes, the Court will rule on

19 two limited issues.  With regard to text messages of witnesses, Defendant shall search the devices

20 and electronic accounts that are within its custody and control for such relevant messages, and

21 shall ask its employee custodians to provide copies of any relevant text messages that are on their

22 personal devices.  Defendant shall also provide the supplemental written responses that it

23 previously agreed to provide regarding its process for confirming with custodians whether they

24 have relevant text messages.

25   With regard to comparator data, a Wells Fargo Employee Relations Consultant has

---

[1] That Plaintiff's counsel apparently could not be bothered to update language seemingly copied from a meet-and-confer letter further suggests a lack of effort to negotiate and a lack of respect for the Court's time.  *See* ECF No. 43 at 7 ("It is also not clear if *you* produced every single call record . . . ." (emphasis added)).

1  acknowledged that at least two employees who had fraud allegations substantiated against them
2  for similar conduct were not fired.  Defendant shall provide relevant documents concerning these
3  two employees.  Plaintiff has demanded a list of employees who committed a violation of
4  "Sales/Service Misconduct-Unauthorized Accounts" since January 1, 2020 from any available
5  sources, including Front Line Management.  Defendant has responded that it is able to produce a
6  list of employes whom Front Line Monitoring referred to Conduct Management in 2023 and 2024
7  for further investigation for improperly opening an account for a minor.  The Court adopts this
8  proposed compromise as it is proportionate to the needs of this case.  Plaintiff's request for a
9  broader list is denied without prejudice.

10  The parties are ORDERED to meet and confer in person before they present any remaining
11  discovery dispute to the Court.  The parties shall meet and confer in person either at a location in
12  Los Angeles or at the San Francisco courthouse.  If the parties will meet and confer at the
13  courthouse, they shall coordinate a date with the Courtroom Deputy by email
14  (ljccrd@cand.uscourts.gov).  If the meet and confer will be held in Los Angeles, the attorney(s)
15  traveling to Los Angeles will decide the specific location for the in-person meeting.  If the parties
16  are unable to reach a joint agreement on whether to hold their meeting in San Francisco or Los
17  Angeles, they shall contact the Courtroom Deputy, who fill flip a coin.  Plaintiff shall be "heads,"
18  and Defendant shall be "tails."  To the extent that further in-person meetings might become
19  necessary in this case, the location of such meetings shall alternate between San Francisco and Los
20  Angeles, absent an agreement by the parties or order by the Court to the contrary.

21  **IT IS SO ORDERED.**

22  Dated: May 21, 2025

LISA J. CISNEROS
United States Magistrate Judge